■ ZACHARY WOODSON, an Infant, by TRACY WOODSON, His Mother and Natural Guardian, et al., Plaintiffs, v AMERICAN TRANSIT INSURANCE COMPANY, Defendant, and ALLSTATE INSURANCE COMPANY et al., Respondents. (Action No. 1.) TRACY WOODSON, as Receiver of JOHN DENSBY, Respondent, v MENDON LEASING CORP., Appellant, et al., Defendants. (Action No. 2.) [739 NYS2d 34] —Order, Supreme Court, New York County (Herman Cahn, J.), entered January 25, 2000, which, in an action for, inter alia, breach of contract to provide a defense in an underlying personal injury action, insofar as appealed from, denied defendant-appellant's motion to dismiss the complaint as against it for failure to state a cause of action, unanimously affirmed, without costs.

Supreme Court, New York County (Herman Cahn, J.), entered January 25, 2000, which, in an action for, inter alia, legal malpractice, insofar as appealed from, denied defendant-appellant's motion to dismiss the complaint as against it for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiff, receiver of the judgment debtor in an underlying personal injury action involving an automobile accident in which plaintiff's infant child was injured, seeks to recover the unpaid balance of the underlying judgment as against, among others, defendant-appellant Norman Volk & Associates, P.C., on the theory that it is the successor of defendant Bisceglia and Oppenheim, P.C. (B&O), the law firm assigned by defendant American Transit Insurance Company (ATIC) to defend the underlying personal injury action, whose alleged malpractice caused a default judgment to be entered against the judgment debtor. Plaintiff alleges that appellant took over the position of ATIC's "house counsel" that B&O had held; that appellant has the same address as ATIC, the same address and telephone number as B&O had and was substituted in all pending actions in which B&O represented ATIC's insureds; and that B&O's former managing partner is now appellant's name partner and has at all relevant times been an employee of ATIC. In support of the motion to dismiss, appellant argued that plaintiff's allegations show only that appellant is a "mere continuation" of B&O, and that appellant cannot be held liable as such since, although B&O no longer practices law, it continues to exist as a formal corporate entity. The argument is unavailing in circumstances that, at the very least, warrant disclosure on the issue of whether there was a de facto merger between B&O and appellant (*see, Schumacher v Richards Shear Co.*, 59 NY2d 239, 245; *Sweatland v Park Corp.*, 181 AD2d 243, 245-246; *Ladenburg Thalmann & Co. v Tim's Amusements*, 275 AD2d 243, 248). Concur—Mazzarelli, J.P., Ellerin, Rubin and Marlow, JJ.